Abraham Gerson

vs

No.8373

James Benson and Al.Appellants.

Charles F.Claiborne,Judge.

April 30" 1923 —

4/30/23
HJStansbury

Abraham Gerson

vs No.8373

James Benson and Al.

Charles F.Claiborne,Judge.

This is a suit based on the violation of an agreement of sale.

Plaintiff averred that by a written contract dated April 6th 1919 James Benson agreed to sell to him all of his interest as well as the interest of his co-owners ine a certain property on Lopez Street for the price of $1400 cash,act of sale to be passed within Sixty days; which contract plaintiff caused to be registered in the conveyance office on July 19th 1919 ; that defendant never tendered title to plaintiff;that notwithstanding said contract defendant sold all his interest in said property to Antonio and Salvatore Papa,on October 10th 1919 for the price of $700 .He prays

1st For judgment decreeing the nullity of the sale made by Benson to the two Papas of his interest;

2nd That Benson be ordered to transfer all his interest in said property to plaintiff for $700 or that- the whole property for $1400,and

3rd $250 Attorney's fees for damages;and in the alternative for judgment for $850 being the difference between the price at which Benson agreed to sell the property and its fair value to-day,and $250 Attorney's fees' .

Defendant Benson admitted the contract of sale and the price and time of sale,and the registry in the conveyance office,and the sale to A and S.Papa .

Further answering he avers that he and his co-owners were always ready to comply with the agreement of sale;

798

but that "the plaintiff failed to perform and comply with the terms, conditions and stipulations of said agreement and the daid plaintiff and through his counsel Felix J.Dreyfous, with the sixty day limitation for the passing of the act of sale embodied in said agreement and thereafter refused and declined to approve the title to said property and refused to accept the said title to said property, claiming that title was defective; defendant denies that he was ever tendered the purchase price by plaintiff; that plaintiff having failed to tender the purchase price or to pass the act of sale within sixty days according to agreement, the defendant considered the agreement at an end, and in good faith sold the property to A.and S.Papa; that the plaintiff caused the agreement of sale to be registered long after the expiration of the sixty days and should be ordered to cancel same.He prays that plaintiff's suit be dismissed and that he be ordered to cancel the inscription.

The answer of the other two defendants is practically the same and they call Benson in Warranty.

There was judgment for defendants on the main demand and also on the reconventional demand.

The plaintiff has appealed.

There is no allegation in the petition that the plaintiff ever tenderedto the defendant the price of sale; on the contrary the evidence is categorical that no tender was ever made.Before the plaintiff could demand of the defendant a compliance with his promise to sell, or claim damages for his refusal so to do, it was his duty to tender to the defendant the price of the sale.

C.C.1912 (1906 )

"The effects of being put in default are not only that, in contracts to give, the thing which is the object of the stipulation, is at the risk of the person in default; but in the cases hereinafter provided for it is a prerequisite to the recovery of damages and of profits and fruits, or to the rescission of the contract."

C.C.1913(1907) — In commutative contracts, where

the reciprocal obligation are to be performed at the same rime,or the one immediately after the other,the party who wishes to put the other indefault,must,at the time and place expressed in,or implied by the agreement,offer or perform,as the contract requires that which on his part was to be performed,otherwise the opposite party will not be legally put in default."

" He who seeks equity must do equity.Thus where the legal title is in the defendant and the equitable in plaintiff,the latter must· pay the price before he can compel a conveyance " 1 H.D.p.1020 No.19~

One,whose right to recover depends on ·an act to be done by him,must show an actual tender and refusal,or that he has done all he could to give effect to the contract.So,an agreement to sell cannot be enforced without a tender of the price stipulated. 1 H.D.1020 No.14 -14 La 234-15 La 282-4 R 161 5 R 83-14 A 234-2 A 306-11 A 300-15 A 675-19 A 130-121 La 263 .

The case of Horn vs Graffagnino 121 La 263 is identically the same as the one beffore us.The syllabus reads: " A party purchaser seeking to compel the specific performance of an allege-and-prove alleged contract of sale must allege and prove,or at the least,tender,exact compliance with what he was called on to perform under the contract,(i.e.payment of price)

A purchaser who would rescind a sale on the ground that the vendor failed to comply with his obligations must furst offer to comply with his obligations and put the vendor in default.Bonura vs Davidson Jr.7630 Ct.App.

The defendant sold the property as a whole,and the plaintiff bought it as such.The defendant did not propose to sell nor the plaintiff to buy,an undivided portion of the pro-perty.This is evidenced by the contract of sale,and reepeatedly asserted in the testimony.The plaintiff had rejected the title on the ground that some of the vendors were minors and that the proceedings to divest them were irregular,and that there were mortgages recorded against some of the other owners.The plain-tiff had required that proper legal proceedings should be made

800

and that clear mortgage certificates should be procured before
they passed the act of sale.In order to obtain their end they
registered the contract of sale and then rested.It was no doubt
defendant's duty to have done so,if they had required the plain-
tiff to pass the act of sale.11 A 741-No.7790 CT.App.- But
plaintiff had no right to compel that defendants so to do.They
had no right to exact of the defendant a specific performance
of their obligation;their only recourse was one in damages.
Specific performance of a contract connot be demanded as an
absolute right;it will not be granted when the plaintiff can
be adequately compensated ina suit for damages.City of New
Orleans vs N.O.N.E.RRD.Co.44 A 64

The case of Mirandona vs Burg 49 A 656 was one to
compel a vendor to execute a promise of sale.
The Court said: " The specific performance of a contract will
not be ordered when compensation can be made in damages.Nor
will it be decreed when the contract requires the doing of an
act solely within the violation of the obligor,such as the
signing of a lease,or the appointing of an arbitrator,or the
exercising of the option to purchase property." Also Laroussini
vs Werlein 48 A 13 .

In Caperton vs Forrey 49 A 872 the Court said:

" As a general rule,when the wrong to be redressed
admits off compensation in money,

,the law confines the relief to
an action of damages. C.C.1934-1935-1927- 1 Story Equity Juris
p.714-46 A 712 "- .

" Under our law damages and not specific performance,
at least in ordinary circumstances,is the relief for breach of
a contract for the payment of money." 46 A 712 .

"It is more the exception than the rule when spe-
cific performance of contracts can be enforced." 121 La 855

It will thus appear that the plaintiff is not
entitled either to damages or to specific performance.

Judgment affirmed.

April 30th 1923 .